STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────

№ 23-CV-7380 (RER)

───────────────

EDWARD FRANZESE,

PETITIONER,

versus

MARK MILLER,

RESPONDENT.

───────────────

**MEMORANDUM & ORDER**

April 15, 2024

───────────────

**RAMÓN E. REYES, JR., U.S.D.J.:**

Edward Franzese ("Petitioner" or "Franzese"), who is currently held at Green Haven Correctional Facility, brought this pro se petition under 28 U.S.C. § 2254 alleging that his judgment of conviction violated his constitutional rights. (ECF No. 1 ("Petition")). Petitioner argues that: (1) his guilty plea was not entered knowingly, intelligently, and voluntarily; and (2) his sentence was excessive. (Petition at 6). After carefully reviewing the record, and for the reasons set forth herein, the Petition is dismissed as untimely.

**BACKGROUND**

On November 24, 2014, Petitioner, along with several co-defendants, robbed John Salazar at his apartment in Queens, New York. (ECF No. 7, State Court Record ("SR") at 6). During this robbery, a firearm in Petitioner's possession discharged and fatally wounded Salazar. (SR at 6). On February 13, 2015, a Queens County grand jury

determined there was enough evidence to indict Petitioner of several crimes, including two counts of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and tampering with physical evidence. (SR at 34, 63-65). On December 5, 2017, Petitioner appeared with his attorney in the Queens Supreme Court and plead guilty to first-degree robbery in exchange for a determinate sentence of 22 years in custody and 5 years under post release supervision. (SR at 35, 40-42).

Once Petitioner informed the court of his decision to accept the plea agreement, the court confirmed that the plea was discussed with his counsel, no one was forcing him to take this plea, and there were no promises made to him to accept this plea. (*Id.* at 35-36). Petitioner was also informed by the court that by taking this plea, he relinquished his constitutional rights to a jury trial, to have his case proved beyond a reasonable doubt, to cross-examine witnesses, and to challenge the conduct of the police investigation. (SR at 36). After some discussion, Petitioner stated that he understood and confirmed he wanted to go ahead with the guilty plea. (*Id*. at 36-40). Further, Petitioner signed a written waiver and orally stated that he waived his right to appeal due to his plea agreement. (SR at 37-39).

On January 17, 2018, Petitioner appeared for sentencing proceedings. (SR at 47). There, Petitioner stated that he accepted the plea under "extreme duress" due to the "overwhelming" weight of evidence and potentially being sentenced to "40 years to life if convicted." (SR at 48). The court asked Petitioner numerous times if he wanted to take back his guilty plea. (SR at 51-53). Petitioner confirmed he did not and told the court that

he was ready for sentencing. (SR at 54). In accordance with the plea agreement, the court sentenced Petitioner to 22 years in prison and 5 years of post-release supervision. (*Id.*).

Petitioner appealed his conviction to the Appellate Division, Second Department, and alleged his sentence was excessive and his waiver of appeal was invalid. (SR at 11-30; 84-85). On February 23, 2022, the Appellate Division affirmed his conviction and sentence (SR at 84), and on April 19, 2022, the New York Court of Appeals denied Petitioner's request for leave for further appeal (SR at 106). *People v. Franzese*, 202 A.D.3d 1106 (2d Dep't 2022), *leave denied*, 38 N.Y.3d 1007 (2022). Petitioner filed the instant Petition on September 27, 2023. (Petition at 16). On December 7, 2023, Respondent moved to dismiss the Petition. (ECF No. 6 at 1).

## DISCUSSION

I. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner is required to file their habeas petition within one year from when their conviction becomes final. 28 U.S.C. § 2244(d). Finality of conviction is measured from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Jones v. Griffin*, No. 11-CV-510 (PKC), 2018 WL 451640, at *5 (E.D.N.Y. Jan. 17, 2018) (citing *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001). Additionally, for incarcerated pro se petitioners, the "Mailbox Rule" applies. *Houston v. Lack*, 487 U.S. 266, 274-76 (1988). Thus, the date that a pro se petitioner delivers the notice to prison authorities for mailing is the effective date of the filing. *Id.*

There are limited exceptions that may excuse late-filed habeas petition: statutory tolling, equitable tolling, or the existence of new and reliable evidence of actual innocence. *See, e.g.*, *Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Statutory tolling excludes from the one-year limitations period "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Equitable tolling of AEDPA's limitations period is available only upon a showing that (1) "extraordinary" circumstances prevented the petitioner from filing a timely petition, and (2) petitioner exercised reasonable diligence in pursuing his righter throughout the entire period sought to be tolled. *Pace*, 544 U.S. at 418; *Valverde*, 224 F.3d at 134. Tolling may also apply where a petitioner presents evidence that proves their actual innocence. *See McQuiggin*, 569 U.S. at 386 ("[A]ctual innocence, if proved, serves as a gateway through which the petitioner may pass . . . [an] expiration of the statute of limitations.") This exception applies if the new evidence "persuades the District Court that in light of the new evidence, no [reasonable] juror" would have convicted the petitioner. *Id.* Further, a claim of actual innocence must be credible and compelling. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted).

II.     The Petition is Untimely and Statutory Tolling does not Apply

The New York Court of Appeals denied Petitioner's application for leave to appeal on April 19, 2022, and therefore his conviction became final 90 days later—on July 18, 2022. (SR at 106). *See* 28 U.S.C. § 2244(d); *see also Jones*, 2018 WL 451640, at *5. Thus, Petitioner's one-year period to file a habeas petition expired on July 18, 2023. *Id.*

4

The Petition was filed on September 27, 2023 (Petition at 16), the date Petitioner placed it in the prison mailing system. *Houston*, 487 U.S. at 276. Accordingly, the Petition was filed 71 days late. Statutory tolling is inapplicable here because Petitioner did not file any post-conviction applications for relief from the state court judgment of conviction. (Petition at 4).

III.   Equitable Tolling Does not Apply

Equitable tolling is permitted only in "rare and exceptional circumstances." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (citations omitted). Here, Petitioner offers three reasons for his late-filed Petition: (1) he did not know about the ADEPA limitations period; (2) his legal papers were misplaced during his transfer from one prison to another; and (3) it was difficult for him to get access to the law library at the new prison. (ECF No. 8 ¶ 3). Petitioner further argues that under the circumstances he acted as diligently as possible. (*Id.* ¶ 4). As set forth below, these reasons do not amount to extraordinary circumstances excusing Petitioner's untimely filing.

Courts have repeatedly found that a lack of legal knowledge or unfamiliarity with legal procedures regarding petitions for habeas relief does not constitute an "extraordinary circumstance." *See, e.g.*, *Romero v. Ercole*, No. 08–CV–4983 (RRM), 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) (collecting cases). Loss of legal materials or lack of access to the law library at new penal facilities have consistently been held not to amount to extraordinary circumstances under the AEDPA. *See, e.g.*, *Montalvo v. Strack*, No. 99 Civ. 5087 (JGK), 2000 WL 718439, at *2 (S.D.N.Y. June 5, 2000) (transfers between prison facilities do not merit equitable tolling); *Martinez v. Kuhlmann*, No. 99 Civ. 1094 (MBM) (AJP), 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3, 1999) (a lack

5

of aid in research is not extraordinary); *Padilla v. United States*, No. 02 Civ. 1142 (CSH), 2002 WL 31571733, at *5 (S.D.N.Y. Nov. 19, 2002) (lack of access to all necessary legal documents is not extraordinary); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("[T]ransfers between prison facilities . . . restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.") (citations omitted); *Cross v. McGinnis*, No. 05 Civ. 504, 2006 WL 1788955, at *5 (S.D.N.Y. June 28, 2006) ("The negligent loss of legal papers by prison officials . . . does not constitute an extraordinary circumstance.") (citations omitted). While extraordinary circumstances exist where a habeas petition and related legal documents were intentionally confiscated by prison authorities, the only property Franzese may have lost was missing due to his transfer of prison facilities, and not intentionally confiscated (ECF No. 8 ¶ 3). *C.f. Valverde*, 224 F.3d at 133-35 (finding intentional confiscation was an extraordinary circumstance that prevented timely filing). Petitioner has not established extraordinary circumstances that warrant equitable tolling.

Even were the Court to consider tolling the AEDPA limitations period for a reasonable time to account for Franzese's lack of access to his legal materials or the law library at his new prison facility, his Petition would still be untimely. Petitioner does not point to any specific dates of his transfer to the new facility, the recovery of his legal materials, or when he gained access to the law library, so the Court is left only to wonder. Assuming Petitioner was transferred on July 1, 2023,[1] and he received his legal materials and access to the law library 30 days later, Franzese's Petition would still be untimely. For the Court to find the Petition timely filed, it would have to toll the limitations period 71

---

[1] Petitioner claims to have been transferred "in July 2023" but does not indicate whether his transfer was before or after the July 18, 2023, deadline. (Petition at 6).

days to account for Franzese's alleged loss of legal materials and access to the law library, which the Court is not willing to do. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 76 (2d Cir. 2001) (declining to apply equitable tolling where a petitioner was held in solitary confinement for 22 days throughout the one-year filing period, because the petitioner still had a significant portion of the year to access legal materials). Franzese cannot avail himself of equitable tolling.

Finally, Petitioner's claim that he acted diligently by receiving help as fast as possible from the law library at the new prison facility (ECF No. 8 ¶ 4) is of no moment. Regardless of his access to a law library, Petitioner could have filed the Petition sooner. *See Mairs v. Fields*, No. 20-CV-1451 (EK), 2021 WL 4311140, at *2 (E.D.N.Y. Sept. 22, 2021) ("[W]hile the alleged inability to access to [petitioner's] legal records or conduct research . . . could have affected the extent of the content included in his [p]etition, it did not prevent him from filing a petition.") (citation omitted). In all, equitable tolling is not warranted.

IV.   <u>There is Insufficient Evidence of Petitioner's Actual Innocence</u>

A showing of actual innocence may also bypass the AEDPA's statute of limitations. *McQuiggin*, 569 U.S. at 386. The petitioner must present new evidence that "persuades the District Court that in light of the new evidence, no [reasonable] juror" would have convicted the petitioner. *Id.* (citations omitted). Petitioner has not provided any evidence, let alone new evidence that is credible and compelling, which may prove his actual innocence, and therefore this exception does not apply.

7

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss (ECF No. 6) is granted and the Petition is dismissed in its entirety. Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-12 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close the case. SO ORDERED.

_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: April 15, 2024
      Brooklyn, NY